# IN THE COURT OF APPEALS OF IOWA

No. 15-0619
Filed November 23, 2016


**OLIVER LITT JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.


An applicant appeals the district court's denial of his application for postconviction relief alleging his prior attorneys were ineffective. **AFFIRMED.**


Leah D. Patton, Walcott, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee State.


Considered by Potterfield, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Oliver Litt was convicted, following a jury trial, of murder in the first degree. On direct appeal, his conviction was affirmed by this court. *State v. Litt*, No. 09-0524, 2010 WL 2383514, at *1 (Iowa Ct. App. June 16, 2010). The facts of the underlying crime are sufficiently outlined in our prior decision and need not be repeated here. *See id.* at *1-2. Following the appeal, Litt filed an application for postconviction relief (PCR). Litt's PCR application came on for a hearing at the district court on March 13, 2015. The district court issued a ruling denying the application, and Litt now appeals that denial.

On appeal, Litt raises the same claims he made to the district court—that his attorneys were ineffective for: (1) failing to object to the State's admission of his police interview into evidence where he discussed rumors his daughter had been sexually assaulted by the decedent, (2) not objecting to an incorrect statement of the law in the marshalling instruction for willful injury, (3) not objecting to a superfluous jury instruction on aiding and abetting, (4) failing to object to what he believes was improper vouching for the credibility of witnesses by the prosecutor during closing arguments, and (5) not challenging on appeal the denial of his motion for a mistrial. He claims the cumulative effect of all of counsels' errors resulted in prejudice.

Having reviewed the briefs and the record on appeal, we affirm the district court's decision pursuant to Iowa Court Rule 21.26(1)(d) and (e) because the district court thoroughly and correctly analyzed all issues raised on appeal and a full opinion from this court would not augment or clarify existing case law.

**AFFIRMED.**